# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Baylor University Medical Center )<br>3500 Gaston Street )<br>Dallas, TX  75246 )<br>)<br>Baylor Scott & White Medical Center Temple )<br>2401 South Thirty First Street )<br>Temple, TX  76508 )<br>)<br>Baylor Scott & White Medical Center Hillcrest )<br>100 Hillcrest Medical Boulevard )<br>Waco, TX  76712 )<br>)<br>Baylor Scott & White Medical Center Waxahachie )<br>2400 North I-35 East )<br>Waxahachie, TX  75165 )<br>)<br>Baylor Scott & White Medical Center Grapevine )<br>1650 West College )<br>Grapevine, TX  76051 )<br>)<br>Baylor Scott & White Heart and Vascular Hospital )<br>621 North Hall Street )<br>Dallas, TX  75226 )<br>)<br>Baylor Scott & White Medical Center Irving )<br>1901 North MacArthur Boulevard )<br>Irving, TX  75061 )<br>)<br>Baylor Scott & White Medical Center Llano )<br>200 West Ollie Street )<br>Llano, TX  78643 )<br>)<br>Manchester Memorial Hospital )<br>71 Haynes Street )<br>Manchester, CT  06040 )<br>)<br>Lafayette General  Medical Center )<br>1214 Coolidge )<br>Lafayette, LA  70503 ) | Civ. Action No. ____ |

| | |
|---|---|
| Baton Rouge General Medical Center | ) |
| 3600 Florida Boulevard | ) |
| Baton Rouge, LA  70806 | ) |
| | ) |
| Shannon Medical Center | ) |
| 120 East Harris Avenue | ) |
| San Angelo, TX  76903 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| XAVIER BECERRA, IN HIS | ) |
| OFFICIAL CAPACITY AS SECRETARY | ) |
| OF HEALTH AND HUMAN SERVICES | ) |
| | ) |
| Defendant, | ) |
| _____ | _) |

## COMPLAINT

## JURISDICTION AND VENUE

1.  This action arises under Title XVIII of the Social Security Act, as amended (42 U.S.C. §1395 et. seq.), hereinafter referred to as the "Medicare Act" or the "Act", and the Administrative Procedure Act, 5 U.S.C. § 706.

2.  This Court has jurisdiction under 42 U.S.C. § 1395oo(f), 28 U.S.C. § 1331, and 28 U.S.C. § 1361, 5 U.S.C. § 706.  Venue lies in this judicial district pursuant to 42 U.S.C. §1395oo(f), and 28 U.S.C. § 1391(e).

3.  This is a civil action brought to obtain judicial review of final decision rendered by the Provider Reimbursement Review Board ("PRRB" or "Board"), acting as a component of the United States Department of Health and Human Services ("HHS"). The decisions for which judicial review is hereby sought is PRRB Case No. 17-0807GC, dated April 12, 2021 (attached as Exhibit 1); PRRB Case No. 17-0809GC dated April 12, 2021 (attached as Exhibit 2), and

2

PRRB Case No. 19-1268G and 19-1270G dated April 13, 2021 (attached as Exhibit 3). These decisions remanded Plaintiffs' appeals pertaining to the treatment of Part C days in the Medicare DSH adjustment pursuant to CMS Ruling 1739-R. Plaintiffs allege that the Board's remand order was arbitrary and capricious. and that CMS 1739-R is invalid.

## PARTIES

4.  The Plaintiffs in this case and the fiscal years being appealed are as stated in the Schedule of Providers attached to the Board's decisions.[1] At all relevant times, Plaintiffs had Medicare provider agreements with the Secretary of Health and Human Services and were eligible to participate in the Medicare program.

5.  Defendant, Xavier Becerra, Secretary of the Department of Health and Human Services ("Secretary"), or his predecessors in office, is the federal officer responsible for the administration of the Medicare program. Defendant Becerra is sued in his official capacity.

## MEDICARE STATUTORY AND REGULATORY BACKGROUND

6.  The Medicare program was established to provide health insurance to the aged and disabled. 42 U.S.C. §§1395-1395cc. The Centers for Medicare and Medicaid Services (CMS) is the operating component of the Department of Health and Human Services (HHS) charged with administering the Medicare program.

7.  The operating costs of inpatient hospital services are reimbursed by Medicare primarily through the Prospective Payment System (PPS). 42 U.S.C. §1395ww(d). The PPS statute contains a number of provisions that adjust reimbursements based on hospital-specific factors. See 42 U.S.C. §1395ww(d)(5). This case involves the hospital-specific disproportionate share

---

[1] In the event of any inconsistency between the Caption of the case and the Schedule of Providers attached to the Board's decisions, the latter shall control.

(DSH) adjustment, which requires the Secretary to provide increased PPS reimbursement to hospitals that serve a "significantly disproportionate number of low-income patients." 42 U.S.C. § 1395ww(d)(5)(F)(i)(I).

8. Whether a hospital qualifies for the DSH adjustment, and how large an adjustment it receives, depends on the hospital's "disproportionate patient percentage (DPP)." 42 U.S.C. § 1395ww(d)(5)(F)(v). The DPP is the sum of two fractions, the "Medicare and Medicaid fractions," for a hospital's fiscal period. 42 U.S.C. §1395ww(d)(5)(F)(vi). Hospitals whose DSH percentages meet certain thresholds receive an adjustment which results in increased PPS payments for inpatient hospital services. 42 U.S.C. §1395ww(d)(5)(F)(ii).

9. The first fraction's numerator is the number of a hospital patient days for such period who (for such days) were entitled to both Medicare Part A and Supplemental Security Income (SSI) benefits, and the denominator is the number of patient days for patients entitled to Medicare Part A. Id.  This case involves this first fraction, which is hereinafter referred to as the SSI fraction, or the Medicare fraction.

10. The second fraction's numerator is the number of hospital patient days for patients who (for such days) were eligible for medical assistance under a State Plan approved under Title XIX for such period but not entitled to benefits under Medicare Part A, and the denominator is the total number of the hospital's patient days for such period. Id.

11. CMS' payment and audit functions under the Medicare program are contracted out to insurance companies known as fiscal intermediaries. Fiscal intermediaries determine payment amounts due the providers under Medicare law and regulations.  42 U.S.C. §1395h, 42 C.F.R. §§413.20(b) and 413.24(b). Although the intermediary calculates the DPP, it is CMS that computes the SSI fraction.

12.     The Medicare fraction is computed by CMS for each cost reporting period. 42 C.F.R. § 412.106(b)(2). The Secretary's fiscal intermediary computes the Medicaid fraction. 42 C.F.R. § 412.106(b)(4). These two fractions are then combined into a single percentage. 42 C.F.R. § 412.106(b)(1). This percentage is then incorporated into a Notice of Program Reimbursement ("NPR"), which is issued by the Secretary's fiscal intermediary. This NPR sets forth the "*total amount of reimbursement due the provider*" for the fiscal year at issue. 42 C.F.R. §405.1803.

13.     The NPR issued by the fiscal intermediary is the starting point for the Medicare appeals procedure. A hospital may appeal its NPR to the Provider Reimbursement Review Board. 42 U.S.C. §1395oo(a). The PRRB is authorized by statute to hear appeals from "*final determinations*" as to the amount of "*total program reimbursement*" issued by the Secretary's fiscal intermediary. 42 U.S.C. §§1395oo(a)(3) (incorporating §1395oo (a)(1)(A)(i)). Appeals to the PRRB must be filed within 180 days of the issuance of the NPR. 42 U.S.C. §1395oo(a)(3).

14.     A provider dissatisfied with the intermediary's final determination of total reimbursement may file an appeal with the Provider Reimbursement Review Board (PRRB) or (Board) within 180 days of the issuance of the NPR. 42 U.S.C. §1395oo(a); 42 C.F.R. § 405.1835.

15.     The PRRB is authorized to decide the merits of the appeal, and to modify the amount of reimbursement determined to be owed to the hospital by the NPR. *Id*. at §1395oo(d). The Board's decision is subject to modification or reversal by the Secretary. *Id*. at §1395oo(f)(1). Unless so modified, the Board's decision becomes the agency's final decision, which is then subject to judicial review in the federal district court. *Id*.

### INCLUSION OF PART C DAYS IN THE MEDICARE FRACTION

16.     Before 2004, HHS had not treated persons enrolled in Part C plans, also known as Medicare Advantage plans, as being "*entitled to benefits under Part A*." In 2004, HHS

promulgated a rule announcing that Part C enrollees are "*entitled to benefits under Part A*" and that HHS would therefore include Part C days in Medicare fractions. *See* Medicare Program; Changes to the Hospital Inpatient Prospective Payment Systems and Fiscal Year 2005 Rates, 69 Fed. Reg. 48,916, 49,099 (Aug. 11, 2004). The 2004 rule was vacated on the grounds that it was not a logical outgrowth of the proposed rule and had been improperly issued without notice and opportunity for comment. *See Allina Health Services v. Sebelius,* 746 F.3d 1102, 1107-09 (D.C. Cir. 2014). It was not until discal year 2014 that HHS promulgated a new rule again announcing that HHS would treat Part C enrollees as "*entitled to benefits under Part A*" and that HHS would therefore include Part C days in Medicare fractions. *See* 78 Fed. Reg. 50,496, 50,614 (Aug. 19, 2013). The rule is prospective only. It applies only to Medicare fractions calculated for fiscal year 2014 and later.

17.     The SSI fractions for the pre-2014 fiscal years at issue in this case included Part C days in the Medicare fraction and excluded those days from the Medicaid fraction.  In *Azar v. Allina Health Servs.,* 139 S. Ct. 1804, 204 L. Ed. 2d 139 (2019), the Supreme Court ruled that CMS violated the notice and comment rulemaking provisions of 42 U.S.C. § 1395hh(a)(2) by including Part C days in the Medicare fraction for periods prior to the effective date of the 2013 rule.  *See also Allina Health Services v. Price*, 863 F.3d 937 (D.C. Cir 2017).


### SPECIFIC FACTS APPLICABLE TO PLAINTIFFS

18.     Plaintiffs filed appeals to the PRRB challenging the Secretary's treatment of Part C (also known as Medicare Advantage) days in the Medicare DSH adjustment.

19.     On August 17, 2020, the Secretary issued CMS Ruling 1739-R. Exhibit 12.  The Ruling states that in light of the Supreme Court's decision invalidating the agency's pre-2014 rule, the

Secretary must now issue a new retroactive rule governing the appropriate treatment of Part C days for purposes of the DSH adjustment.

20. CMS 1739-R divested the Board of jurisdiction over Part C appeals until such time as the Secretary issues a final rule governing the appropriate treatment of Part C days in the Medicare DSH adjustment. Pursuant to this Ruling, the Board was divested of jurisdiction over

> *provider appeals regarding the treatment of patient days associated with patients enrolled in [Part C] plans in the Medicare and Medicaid fractions of the disproportionate patient percentage; this ruling applies only to appeals regarding patient days with discharge dates before October 1, 2013 that arise from Notices of Program Reimbursement (NPRs) that are issued before CMS issues a new final rule to govern the treatment of patient days with discharge dates before October 1, 2013 ......... or (C) and any subsequently issued NPR for that fiscal year pre-dates the new final rule.*

21. CMS Ruling 1739-R declares appeals covered by the to be moot and further directs the Secretary to remand such claims back to the fiscal intermediary to be recalculated in accordance with a new rule to be issued by the Secretary.

## COUNT I

### CMS Ruling 1739-R Is Invalid

22. The allegations in Paragraphs 1-21 are incorporated as if fully set forth herein.

23. CMS Ruling 1739-R is invalid because it was not published in accordance with notice and comment rulemaking, as required by 42 U.S.C. § 1395hh. Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law. 5 U.S.C. §706(2)(A).

## COUNT II

24. The allegations in Paragraphs 1-23 are incorporated as if fully set forth herein.

25. CMS Ruling 1739-R is invalid because it purports to divest the Board of jurisdiction. The jurisdiction of the Board is prescribed by statute, and the Secretary lacks authority to modify this statutory jurisdiction. Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law.  5 U.S.C. §706(2)(A).

## COUNT III

26. The allegations in Paragraphs 1-25 are incorporated as if fully set forth herein.

27. CMS Ruling 1739-R is invalid because it is based on an arbitrary and capricious finding that recalculation of Plaintiffs' Medicare fractions as required by the Ruling would "*moot*" Plaintiffs' Part C appeals. Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law.  5 U.S.C. §706(2)(A).

## COUNT IV

28. The allegations in Paragraphs 1-27 are incorporated as if fully set forth herein.

29. CMS Ruling 1739-R is invalid because it is inconsistent with the Secretary's regulations, which expressly prohibit reopening of final determinations that are more than three years old, except in cases of fraud or similar fault. 42 C.F.R.§ 405.1885(b). Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law.  5 U.S.C. §706(2)(A).

## COUNT V

30. The allegations in Paragraphs 1-29 are incorporated as if fully set forth herein.

31. CMS Ruling 1739-R is invalid because remand will result in a complete forfeiture of providers' appeal rights. Pursuant to the Ruling, the appeal is remanded back to the fiscal intermediary for issuance of a revised NPR. Any appeal from a revised NPR may pertain to only those "*matters*" that are specifically adjusted by the revised NPR. 42 C.F.R. §§ 405.1835(a)(1), 405.1887(d), 405.1889(b). However, there will be no right to any further appeals if there is no adjustment to the Medicare fractions. Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law. 5 U.S.C. §706(2)(A).

## COUNT VI

32. The allegations in Paragraphs 1-31 are incorporated as if fully set forth herein.

33. CMS Ruling 1739-R is invalid because it will eliminate Plaintiffs' right to recover statutory interest as provided by 42 U.S.C. § 1395oo(f)(2). Such interest may be recovered only when the appeal is taken from the initial NPR, i.e., the intermediary's determination of "*total program reimbursement*." See 42 U.S.C. §1395oo(f)(2) (incorporating §1395oo(a)(3)). By requiring a remand for issuance of a revised NPR, the Ruling eliminates Plaintiffs right to collect statutory interest in the event it is ultimately successful on its Part C days appeal. Accordingly, the PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law. 5 U.S.C. §706(2)(A).

## COUNT VII

34. The allegations in Paragraphs 1-33 are incorporated as if fully set forth herein.

35. CMS Ruling 1739-R is invalid because it requires the Board to issue a remand order even though the Medicare Act does provide the Board with remand authority. Accordingly, the

PRRB's decisions remanding the Plaintiffs' appeals back to the intermediary as required by CMS Ruling 1739-R was arbitrary and capricious and otherwise not in accordance with law. 5 U.S.C. §706(2)(A).

## COUNT VIII

36. The allegations in Paragraphs 1-35 are incorporated as if fully set forth herein.

37. CMS is prohibited from directing the intermediary to re-open an intermediary final determination where, as in this case, there has been a "*change of legal interpretation or policy by CMS in a ... CMS Ruling....whether made in response to judicial precedent or otherwise*." 42 C.F.R. §§ 405.1885.

38. The PRRB's action in remanding pursuant to CMS 1739-R was arbitrary, capricious and in violation of law because the reopening in this case resulted from a change in legal interpretation as reflected in that Ruling. 5 U.S.C. §706(2)(A).

## COUNT IX

39. The allegations in Paragraphs 1-38 are incorporated as if fully set forth herein.

40. Pursuant to 5 U.S.C. §706(2)(A), this Court is authorized to "compel agency action unlawfully withheld or unreasonably delayed." See also 5 U.S.C. § 555(b), directing the agency to decide matters presented to it within a reasonable period.

41. Plaintiffs cost reports were filed between 2014-2016. Notwithstanding the elapse of over five years since the filing of their cost reports, Plaintiffs still have not received a hearing on the merits of the Part C days issue. The remand required by CMS 1739-R will only further delay an administrative process that has already been unreasonably delayed.

42. The Secretary has a non-discretionary duty to issue final agency decisions within a reasonable period. This Court should direct the Secretary to expedite the administrative

process and require the PRRB to promptly either (a) grant expedited judicial review, or (b) decide the merits of Plaintiffs' Part C claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays:

(a) For an order vacating the Board's decisions.

(b) For an order vacating CMS Ruling 1739-R.

(c) For an order directing the Secretary to expedite completion of the administrative process and further directing the Secretary to promptly either (a) grant EJR or (b) issue a decision on the merits of Plaintiffs' Part C claims.

(d) In the event the Court grants relief, Plaintiffs respectfully request that the Court retain jurisdiction over the case, and further require the Secretary to provide the Court with regular status reports pending the conclusion of any further administrative proceedings.

(e) For the costs of this suit incurred by Plaintiffs, for attorney fees, and for interest pursuant to 42 U.S.C. §1395oo(f)(2);

(f) For such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ Jeffrey A. Lovitky

_____
D.C. Bar Number 404834
1776 K Street, N.W., Suite 800
Washington D.C. 20036
Tel: (202) 429-3393
Fax: (202) 318-4013
Email: jefflovitky@gmail.com
ATTORNEY FOR PLAINTIFFS